No. 1705. EX PARTE FERGUSON, SHERIFF, IN RE SULLI-
VAN, DREW & CO. *v.* HAMBLIN. November Term, 1884. Ham-
blin gave a chattel mortgage to several of his creditors. After-
wards, but before condition broken, several other creditors levied
attachments upon the property covered by this mortgage, some
of which attachments were afterwards vacated. After this levy,
but before the condition of the mortgage was broken, the mort-
gagees demanded these goods from the sheriff, who refused to sur-
render them. The claims upon which the attachments were
issued were reduced to judgment, and the executions thereon
were levied on these same goods. This action was then com-
menced by one of these judgment creditors against all other
claimants to have the mortgage declared fraudulent, and for a
sale of the goods and distribution of the proceeds according to the
rights of the parties. A consent order was passed, directing the
sheriff to sell the goods and put the proceeds into a savings bank,
subject to the further order of the court. In this action the
mortgage was sustained, and as a result thereof, the judgment
and attaching creditors would receive nothing.

The sheriff then intervened by petition, praying that he be
allowed to reimburse himself for his expenses, disbursements,
and costs. KERSHAW, J., decreed that the sheriff pay the fund in
bank, together with all accumulated interest, to the mortgagees,
less the actual disbursements and expenses of said sheriff neces-
sarily incurred in the sale so made under and since the order of
sale, together with commissions on the amount of such sales ;
also that the complainant pay the costs of clerk and master in
this cause, and that every other party pay his own costs ; and
that the sheriff vouch his claims in this cause to be paid by the
parties liable. On appeal, *held*—

1. That the sheriff is entitled to reimburse himself out of the
proceeds of sale for all expenses and disbursements since the
institution of this action.

2. But not for expenses and disbursements in and about the
taking and safe keeping of these goods under the attachments
and executions prior to the commencement of this action. MR.
JUSTICE MCIVER dissenting.

3. That the sheriff may vouch his bill of disbursements and
costs in this cause, but not his bill for expenditures incurred in

the attachment suits. MR. JUSTICE MCIVER dissenting as to disbursements (distinguishable from costs) incurred in the preservation of the property (before this action was brought), out of which this fund was realized.

4. That the mortgagees are entitled to the interest accrued on the fund while on deposit in the bank.

5. That this being a chancery case, the general direction of the Circuit judge as to costs will not be disturbed. Judgment modified. OPINION by MR. CHIEF JUSTICE SIMPSON, May 9, 1885. *Simonton & Barker,* for the sheriff. *Smythe & Lee,* for plaintiff and other judgment creditors. *J. N. Nathans,* for mortgagees.